**Avtar SINGH, Petitioner,**

v.

**Eric H. HOLDER, JR., Attorney General, Respondent.**

No. 10–72358.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2014.

Decided April 14, 2014.

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

R. Alexander Goring, Esquire, Trial, Nairi Simonian Gruzenski, Esquire, Oil, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

MEMORANDUM *

1. The Board of Immigration Appeals (BIA) did not abuse its discretion in affirming the Immigration Judge's discretionary denial of asylum. Substantial evidence supports the conclusion that Avtar Singh had engaged in marriage fraud. Immigration fraud is a proper consideration in a discretionary denial of asylum. *Hosseini v. Gonzales,* 471 F.3d 953, 957 (9th Cir.2006). The BIA properly weighed this adverse factor alongside all other relevant considerations, including favorable factors such as family reunification. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1139 (9th Cir.2004). The denial is thus neither "manifestly contrary to the law [nor] an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

2. Singh's Convention Against Torture (CAT) claim is moot. The BIA granted Singh withholding of removal, the broadest relief that would be available to him under CAT. *See* 8 C.F.R. § 1208.16(c)(4).

**PETITION FOR REVIEW DENIED.**